UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DXC TECHNOLOGY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>GEN DIGITAL, INC.,<br><br>    Defendant. | Case No. 23-cv-04818-EJD   (SVK)<br><br>**ORDER RE PARTIES' PROTECTIVE ORDER DISUTE**<br><br>Re: Dkt. No. 49 |

Before the Court is the Parties' improper administrative motion regarding which one of this District's model protective orders should be adopted. Dkt. 49, 50. The Parties are referred to the undersigned's Civil and Discovery Referral Matters Standing Order ("Standing Order"; https://www.cand.uscourts.gov/judges/van-keulen-susan-svk/) which provides the proper means of submitting a discovery dispute to the Court. Any future discovery disputes that do not conform to the Standing Order will be stricken.

Plaintiff DXC Technology Company ("DXC"), Defendant/Third-Party Plaintiff Gen Digital, Inc. ("Gen Digital"), and Third-Party Defendant Sycomp, A Technology Company ("Sycomp") (collectively, the "Moving Parties") advocate for the District's standard model order providing a single tier of protection. Dkt. 49. Third-Party Defendant North American Systems International, Inc. ("NASI") argues for the Model Protective Order for Litigation Involving Patents, Highly Sensitive Information and/or Trade Secrets which provides for an additional tier of protection, Attorneys-Eyes Only. Dkt. 50. The Court determines that this dispute may be resolved without oral argument. Civ. L.R. 7-1(b).

NASI represents that no discovery has been served in this action, and both sides argue hypothetical concerns about future productions and their speculative impact on the litigation. Dkt. 49 at 3; Dkt. 50 at 3-4. More specifically, the Moving Parties' concern that in-house

counsel's access to documents may be delayed is not persuasive. Similarly, NASI's suggestion that a protective order is premature, when facing a discovery cut-off of this summer (Dkt. 34), is not well founded. At bottom, whether some number of documents to be produced in this case will deserve Attorneys-Eyes Only designation is at present unknown. The cost of including the Attorneys-Eyes Only designation is, at present, zero. Accordingly, the Moving Parties' administrative motion is **DENIED WITHOUT PREJUDICE** to any Party seeking to amend the protective order if a producing Party over-designates, a remedy which may be memorialized in a proposed order. The Parties are **ORDERED** to meet and confer to finalize and submit a proposed two-tier protective order to the Court **no later than March 22, 2024**.

Finally, given the caliber of counsel of record in this case, the Court is surprised that the Parties could not find their way to compromise on this dispute. The Court again directs the Parties' attention to the Standing Order and its requirements for robust meet and confer efforts to attempt to resolve discovery disputes without Court intervention.

**SO ORDERED.**

Dated: March 13, 2024

*/s/ Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge