UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DXC TECHNOLOGY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GEN DIGITAL, INC.,<br><br>Defendant. | Case No.   23-cv-04818-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS (ECF NO. 18); GRANTING MOTION TO SEVER (ECF NO. 21); DENYING MOTION FOR A MORE DEFINITE STATEMENT (ECF NO. 41)**<br><br>Re: ECF Nos. 18, 21, 41 |

Before the Court are three motions: (1) Third-Party Defendant, Sycomp, a Technology Company, Inc.'s ("Sycomp") Partial Motion to Dismiss (ECF No. 18); (2) Plaintiff DXC Technology Company's ("DXC") Motion to Sever (ECF No. 21); and (3) Third-Party Defendant North American Systems International, Inc.'s ("NASI") Motion for a More Definite Statement (ECF No. 41).

The Court heard oral argument on all three motions on March 14, 2024.  For the reasons set forth below, the Court GRANTS Sycomp's Motion to Dismiss, GRANTS DXC's Motion to Sever, and DENIES NASI's Motion for a More Definite Statement.

# I.      BACKGROUND

## A.      DXC's Claims Against Gen Digital

DXC brought this case for breach of contract based on Gen Digital's alleged failure to fulfill its contractual obligations to DXC under an Information Technology Services Agreement ("ITSA") that was entered into by both Gen Digital and DXC's predecessor companies. Complaint ("Compl."), ECF No. 1, ¶ 1.  DXC alleges that under the terms of the ITSA Agreement, Gen Digital (through its predecessor company) agreed to indemnify DXC (through its predecessor

United States District Court
Northern District of California

company) for losses DXC sustained arising out of or related to certain third-party claims that Symantec Proprietary Software infringed upon the proprietary rights of any third party.  *Id.*

On March 22, 2016, Oracle America, Inc. and Oracle International Corporation (collectively "Oracle") filed a lawsuit in this District against Hewlett Packard Enterprise Company ("HPE") alleging that HPE infringed Oracle's copyrights through the installation of software patches, updates, and bug fixes of, among other things, Oracle's allegedly proprietary Solaris operating system (the "Oracle Lawsuit").  *Id.* ¶ 2.  DXC, which was formed by the merger of Computer Sciences Corporation and the Enterprise Services division of HPE in 2017, inherited the ITSA Agreement and incurred significant losses in connection with Oracle's claims that certain software patches, updates, and bug fixes that Symantec required to be installed—which DXC alleges Gen Digital has acknowledged constituted Symantec Proprietary Software for purposes of the ITSA Agreement—infringed Oracle's proprietary software.  *Id.*

DXC alleges that even though Gen Digital has never contested its indemnification obligations with respect to the Oracle Lawsuit, Gen Digital "has failed to fulfill those obligations under the terms of the ITSA Agreement, in breach of the ITSA Agreement, and resulting in significant damage to DXC."  *Id.* ¶ 3.

**B.      Gen Digital's Claims Against Sycomp and NASI**

On October 11, 2023, Gen Digital answered DXC's complaint and filed a third-party complaint against Sycomp and NASI (collectively, "Third-Party Defendants"), asserting that both Third-Party Defendants failed to fulfill their contractual and equitable indemnity obligations to Gen Digital.  Third-Party Complaint ("Third-Party Compl."), ECF No. 11.  Gen Digital asserts, "to the extent it has any indemnity obligations to DXC, those obligations should be satisfied in full by NASI and/or Sycomp, with whom Symantec [Gen Digital's predecessor] had agreements" with indemnity provisions relating to the conduct in question.  *Id.* ¶ 2.

Gen Digital provides the following background context relevant to its indemnity claims against Sycomp and NASI.

In 2007, Symantec outsourced its IT maintenance to Electronic Data Systems which was

Case No.: 23-cv-04818-EJD
ORDER RE ECF NOS. 18, 21, 41

1    acquired by Hewlett Packard (DXC's predecessor-in-interest) in 2008.  *Id.* ¶ 10.

2         In 2010, Symantec engaged Sycomp to perform certain IT maintenance and support

3    services.  *Id.* ¶ 12.  The terms of this relationship were set forth in the Product Purchase

4    Agreement ("PPA").  *Id.*  In 2012, Oracle acquired Sun, and Symantec contacted several third-

5    party maintenance service providers to inquire about obtaining support options for its older Sun

6    devices running the Solaris operating systems.  *Id.* ¶ 15.  In mid-2012, Symantec and NASI

7    executed a Service Delivery Agreement ("SDA").  *Id.* ¶ 16.  The IT maintenance services

8    provided by NASI included operating system (including Solaris) support and software.  *Id.* ¶ 18.

9    That agreement included an indemnification provision.  *Id.* ¶ 19.

10        In 2015, HPES notified Symantec of Oracle's intent to sue HP in relation to the Sun

11   software provided to HPES's customers, including Symantec.  *Id.* ¶ 37.  Oracle claimed that the

12   software updates installed by HPES on behalf of Symantec infringed Oracle's copyrights.  *Id.*

13        In April 2017, while the Oracle Lawsuit was pending, HPES spun off its Enterprise

14   Services business which was merged with Computer Services Corporation to form DXC.  *Id.* ¶ 41.

15   In June 2022, a jury in the Oracle Lawsuit returned a verdict that DXC infringed Oracle's

16   copyrights, among other findings, and awarded Oracle $30 million in damages.  *Id.* ¶ 43.

17        In November 2022, DXC demanded that Gen Digital fulfill its indemnity obligations under

18   the ITSA.  *Id.* ¶ 45.  On December 23, 2023, Gen Digital notified Sycomp and NASI about DXC's

19   indemnity demand, and Gen Digital demanded that Sycomp and NASI provide indemnity.

20   *Id.* ¶ 46.  Gen Digital alleges that Sycomp and NASI refused to fulfill their indemnification

21   obligations to Gen Digital.  *Id.*  Gen Digital then sued Sycomp and NASI in the present Third-

22   Party Complaint.

23        **C.    Procedural History**

24        On November 22, 2023, Sycomp filed a partial motion to dismiss the Third-Party

25   Complaint.  ECF No. 18.  Sycomp's motion seeks to dismiss the third (equitable indemnity) and

26   fourth (declaratory relief) causes of action against it in the Third-Party Complaint as either

27   preempted or subsumed by the first cause of action.

28   Case No.: 23-cv-04818-EJD
     ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California

1    On December 8, 2023, DXC filed a motion to strike or sever Gen Digital's third-party

2  complaint from the action.  ECF No. 21.  DXC argues that Gen Digital's claims against the Third-

3  Party Defendants are irrelevant to DXC's claims against Gen Digital, and keeping those claims in

4  will prejudice DXC by overcomplicating the case, creating additional expense for DXC, and

5  delaying resolution for DXC.

6    On January 18, 2024, NASI filed a motion for a more definite statement.  ECF No. 41.

7  NASI contends that the complaint fails to identify what services NASI provided Gen Digital and

8  without that information, NASI cannot meaningfully respond or prepare its defenses.

9    The Court addresses each motion in turn below.

10  **II.    SYCOMP'S PARTIAL MOTION TO DISMISS (ECF NO. 18)**

11    Gen Digital brings claims against Sycomp for breach of contract, equitable indemnity, and

12  declaratory relief.  *See* Third-Party Compl.  Sycomp moves for an order dismissing the third cause

13  of action for equitable indemnity and fourth cause of action for declaratory relief in Gen Digital's

14  Third-Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).  Sycomp's Motion

15  to Dismiss ("MTD"), ECF No. 18.

16    **A.    Request for Judicial Notice**

17    Sycomp requests that the Court take judicial notice of one document submitted in support

18  of its motion to dismiss.  *See* Sycomp's Request for Judicial Notice in Support of its Motion to

19  Dismiss ("RJN"), ECF No. 20.  The document is the verdict form submitted in the matter *Oracle*

20  *America, Inc., et al. v Hewlett Packard Enterprise Company*, Case No. 16-cv-01393-JST, ECF

21  No. 1349, filed June 14, 2022.  *See* ECF No. 19 at 21.  Gen Digital has not opposed the request.

22    Courts may take notice of adjudicative facts that are "not subject to reasonable dispute"

23  because they are "generally known" or "can be accurately and readily determined from sources

24  whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  As a court record

25  publicly filed, the Court finds that the verdict form is an undisputed matter of public record.

26  Accordingly, the Court will GRANT Synopsys's request.  *Harris v. Cty. of Orange*, 682 F.3d

27  1126, 1131–32 (9th Cir. 2012) (internal citations omitted) (courts "may take judicial notice of …

28  Case No.: 23-cv-04818-EJD
ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California

United States District Court
Northern District of California

1  undisputed matters of public record, including documents on file in federal or state courts").

2  **B.    Legal Standard**

3      In federal court, a complaint must contain "a short and plain statement of the claim

4  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a plaintiff need not

5  offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual

6  matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

7  678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, a

8  complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to

9  enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement

10  to relief, such that it is not unfair to require the opposing party to be subjected to the expense of

11  discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The

12  court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556

13  U.S at 664.  The court also must construe the alleged facts in the light most favorable to the

14  plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945

15  (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw

16  all reasonable inferences in favor of the nonmoving party.").  However, "courts are not bound to

17  accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

18      If the court concludes that a 12(b)(6) motion should be granted, the "court should grant

19  leave to amend even if no request to amend the pleading was made, unless it determines that the

20  pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d

21  1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

22  **C.    Discussion**

23      **1.    Third Cause of Action (Equitable Indemnity)**

24      Sycomp argues that Gen Digital's third cause of action for equitable indemnity is

25  preempted by its first cause of action for breach of contract.  Mot. 7.

26      "Indemnity may be defined as the obligation resting on one party to make good a loss or

27  damage another party has incurred. This obligation may be expressly provided for by contract, it

28  Case No.: 23-cv-04818-EJD
ORDER RE ECF NOS. 18, 21, 41

5

1    may be implied from a contract not specifically mentioning indemnity, or it may arise from the

2    equities of particular circumstances." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal. 3d 622,

3    628 (1975).  Where "the parties expressly contract with respect to the duty to indemnify, the extent

4    of that duty must be determined from the contract and not by reliance on the independent doctrine

5    of equitable indemnity." *Id.*; *see also Krag v. Kaiser Found. Hosps.*, No. C 89-3042-TEH, 1993

6    WL 226108, at *5 (N.D. Cal. June 15, 1993) ("'an express indemnity clause is accorded a certain

7    preemptive effect, displacing any implied rights which might otherwise arise' ... including both

8    equitable and implied indemnification") (quoting *E. L. White, Inc. v. City of Huntington Beach*, 21

9    Cal. 3d 497, 507–08 (1978)).

10           In *Liftech Consultants Inc. v. Samsung Shipbuilding & Heavy Indus., Ltd.*, the defendant

11    sought to dismiss the plaintiff's claims for equitable indemnity, arguing that it was barred by

12    plaintiff's claim for contractual indemnity.  No. 10-cv-2976-SBA, 2010 WL 4510905 (N.D. Cal.

13    Nov. 2, 2010).  The plaintiff argued that it was permitted to plead the claims in the alternative, but

14    the court explained that the question of "whether [plaintiff] is permitted to plead alternative

15    theories is inapposite." *Id.* at 4.  Because "an express indemnity agreement governs the parties'

16    relationship," the court held that plaintiff was "legally precluded from pursuing claims for

17    equitable indemnity." *Id.* (citing *Maryland Cas. Co. v. Bailey & Sons, Inc.*, 35 Cal. App. 4th 856,

18    864, 872–73 (1995) (holding that equitable indemnity claims were "barred by the express

19    indemnity provisions in the parties' contracts")).

20           Here, Gen Digital acknowledges it "seeks equitable indemnity from Sycomp based on their

21    contractual relationship as memorialized in the PPA."  Opposition to Sycomp's Motion to Dismiss

22    ("MTD Opp."), ECF No. 45 at 7.  Nevertheless, it argues, its claim for equitable indemnity "is

23    properly construed as a claim for implied contractual indemnity." *Id.*  Gen Digital does not

24    explain why construing the claim as one for implied contractual indemnity rather than equitable

25    indemnity based on a contractual relationship is significant.  But even if the claim, which is

26    pleaded as "equitable indemnity" (*see* Third-Party Compl. at 17) could properly be construed as

27    "implied contractual indemnity," the Court is unpersuaded that doing so would prevent a finding

28    Case No.: 23-cv-04818-EJD
      ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California

of preemption here, where Gen Digital has pleaded that an express indemnity agreement governs the parties' relationship. *See Liftech Consultants Inc.*, No. C 10–2976 SBA, 2010 WL 4510905, at *2 (N.D. Cal. Nov. 2, 2010) ("Implied contractual indemnity is but a form of equitable indemnity which may arise where indemnity is implied from a contract not specifically mentioning indemnity") (cleaned up).

Gen Digital next argues that its equitable indemnity claim is not preempted because Gen Digital has "set forth alternative theories of recovery in a non-verified complaint" which is permitted under Rule 8(d). MTD Opp. 8–9. While Rule 8(d) does permit alternative and inconsistent legal theories, "it does not alter a substantive right between the parties and accordingly does not allow a plaintiff invoking state law to an unjust enrichment claim while also alleging an express contract." *Gerlinger v. Amazon.com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004). "[A] plaintiff may not plead the existence of an enforceable contract and maintain a quasi-contract claim at the same time, unless the plaintiff has pled facts suggesting that the contract may be unenforceable or invalid." *Jacobs v. Sustainability Partners LLC*, No. 20-CV-01981-PJH, 2020 WL 5593200, at *17 (N.D. Cal. Sept. 18, 2020) (quoting *Schulz v. Cisco Webex*, No. 13-cv-04987-BLF, 2014 WL 2115168, at *5 (N.D. Cal. May 20, 2014)); *see also World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.*, Case No. 13-CV-03455-WHO, 2014 WL 1411249 (N.D. Cal. Apr. 11, 2014) (dismissing claim for restitution based on unjust enrichment where plaintiff explicitly alleged existence of enforceable contract).

In *Gerlinger*, the court dismissed plaintiff's unjust enrichment theory where a "valid express contract covering the same subject matter exist[ed] between the parties." *Gerlinger*, 311 F. Supp. 2d at 856. In rejecting plaintiff's argument that he should nevertheless be permitted to plead unjust enrichment in the alternative, the court explained that "[s]uch an alternative claim might be stated if … plaintiff alleged that no express agreement existed between plaintiff and either defendant. Instead, plaintiff has pleaded the opposite and relies on that contract as the basis for standing in the case at bar." *Id.*; *see also Liftech Consultants*, 2010 WL 4510905, at *4 (dismissing equitable indemnity claims and explaining that "[s]ince there is no dispute that such

United States District Court
Northern District of California

an agreement exists, and that [plaintiff] is not entitled to indemnification from [defendant] thereunder, [plaintiff] is legally precluded from pursuing claims for equitable indemnity").

So too here.  Gen Digital has plead that the parties "entered into a valid contract (the PPA), which included an agreement from Sycomp to indemnify [Gen Digital]."  Third-Party Compl. ¶ 48.  Because "there is no dispute that … an agreement exists," Gen Digital "is legally precluded from pursuing claims for equitable indemnity."  *Liftech Consultants*, 2010 WL 4510905, at *4. Moreover, Gen Digital has not alleged that the PPA may be unenforceable, but rather pleads the opposite: it alleges that Sycomp had an "uncontested obligation under the terms of the PPA to indemnify Gen Digital."  Third-Party Compl. ¶ 53.  Accordingly, the Third-Party Complaint fails to state a claim for unjust enrichment, even in the alternative.  *Dolce Int'l/San Jose, LLC v. City of San Jose, Cal.*, No. 20-CV-03774-EJD, 2020 WL 5910066, at *3 (N.D. Cal. Oct. 6, 2020) (dismissing unjust enrichment claim where plaintiff "affirmatively alleges that the Parties are bound by [an agreement] and does not allege any facts suggesting that the [agreement] may be unenforceable or invalid"); *see also Schulz*, 2014 WL 2115168, at *5 (dismissing unjust enrichment claim where "the express allegations of an enforceable contract on the face of the complaint [] preclude[d] [plaintiff] from asserting a quasi-contract claim based on unjust enrichment"); *see also Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389 (2012), as modified on denial of reh'g (Feb. 24, 2012) (affirming dismissal of unjust enrichment claim where "plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement and their unjust enrichment claim did not deny the existence or enforceability of that agreement").

Sycomp's motion to dismiss Gen Digital's claim for equitable indemnity is GRANTED. Because Gen Digital "cannot allege in good faith, while maintaining his other claims, that no contract exists between himself and [Sycomp]," the Court dismisses Gen Digital's equitable indemnity claim without leave to amend.  *Gerlinger*, 311 F. Supp. 2d at 856 (dismissing quasi-contract claim without leave to amend); *see also Liftech Consultants Inc.*, 2010 WL 4510905, at *5 (dismissing equitable indemnity claim with prejudice where complaint established that "an express indemnity agreement governs the parties' relationship").

Case No.: 23-cv-04818-EJD
ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California

### 2.    Fourth Cause of Action (Declaratory Relief)

Sycomp also moves to dismiss Gen Digital's fourth cause of action for declaratory relief on the grounds that it is subsumed by the first cause of action for breach of contract. Gen Digital's fourth cause of action "seeks a judicial determination of the parties' respective rights and duties, specifically, Third-Party Defendants' indemnity obligations to Gen Digital under their respective contracts with Gen Digital (formerly known as Symantec)." Third-Party Compl. ¶ 68.

Sycomp argues that because Gen Digital does not seek any interpretation of any contractual term or provision and only seeks a determination that Sycomp breached its obligation under the PPA to indemnify Gen Digital, the claim for declaratory relief is duplicative of the breach of contract claim. MTD 11–12.

A claim for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties. *Sencion v. Saxon Mortg. Servs., Inc.*, No. CV-10-03108-PSG, 2011 WL 672643, at *3 (N.D. Cal. Feb. 17, 2011) (citing *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784 (Ct. App. 2008)). Declaratory relief operates prospectively and not merely for the redress of past wrongs. *Id.* (citations omitted). The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff in the interest of preventive justice, not to remedy harms that have already occurred. *Id.*

Gen Digital contends that its declaratory relief claim is proper given Sycomp's position with respect to the PPA. As with its equitable relief claim, Gen Digital argues that it can plead its declaratory relief claim as an alternative to the breach of contract claim because Sycomp has contested the applicability of the PPA and denies that it is required to indemnify Gen Digital. MTD Opp. 13. Given this "very real dispute" between the parties as to the scope and application of the indemnity provisions in the contract between them, Gen Digital argues it is appropriate to seek declaratory judgment as to whether Sycomp is obligated to indemnify Gen Digital. *Id.* at 13–14.

*Travers* affirmed dismissal of a declaratory relief claim where the complaint "did not allege uncertainty as to the meaning of the contract or pray for its interpretation" and "merely

Case No.: 23-cv-04818-EJD
ORDER RE ECF NOS. 18, 21, 41

1    allege[d] a breach of the contract as a foundation for some unspecific claim of a right to redress."

2    *Travers v. Louden*, 254 Cal. App. 2d 926 (Ct. App. 1967).  In so holding, the court explained that

3    it had "found no authority for the proposition that declaratory relief is proper procedure when the

4    rights of the complaining party have crystallized into a cause of action for past wrongs."  *Id.*

5        *Osseous* similarly considered the issue.  In the underlying action, the plaintiff sued for

6    declaratory relief rather than waiting for a breach of contract action to be filed against it.  *Osseous*

7    *Techs. of Am., Inc. v. DiscoveryOrtho Partners LLC,* 191 Cal. App. 4th 357, 360 (2010).  The

8    plaintiff sought a declaration on "multiple questions pertaining to the interpretation of the []

9    agreement."  *Id.* at 362.  The trial court dismissed the declaratory relief claim, reasoning that

10   declaratory relief would not be necessary or proper "because the facts as pleaded amounted to a

11   breach of contract dispute (looking to past conduct) rather than a forward-looking pronouncement

12   of the rights and duties of the parties."  *Id.*  A few months after the trial court dismissed the

13   declaratory relief claim, the defendant sued plaintiff in a separate action for breach of contract of

14   the same agreement.  *Id.*  The decision was affirmed on appeal.  The court explained that "the

15   question is really whether this case is *too* ripe for declaratory relief to be necessary and proper."

16   *Id.* (emphasis in original).  The court went on to explain that, although the case before it involved

17   a potential *defendant* to a breach of contract claim suing for declaratory relief, "[l]ess

18   understandable is why a potential breach of contract *plaintiff* would sue a defendant for

19   declaratory relief when such a plaintiff had the ability to bring a plain vanilla breach of contract

20   action."  *Id.* at 353.  In citing *Travers* and the decisions succeeding it, the court concluded that

21   "authority for the proposition that a trial court abuses its discretion by refusing to dismiss a

22   declaratory relief claim because the claim amounts to a backward-looking breach of contract claim

23   is underwhelming."  *Id.*

24       *Osseous* also identified cases where courts reversed dismissals of declaratory relief claims

25   where "the pleadings alleged both continuing contractual relationships and future consequences

26   for the conduct of the relationship that depended on the court's interpretation of the contracts at

27   issue."  *See id.* at 369 (citing *Columbia Pictures Corp. v. De Toth* (1945) 26 Cal. 2d 753 and

United States District Court
Northern District of California

1   *Warren v. Kaiser Found. Health Plan, Inc.* (1975) 47 Cal. App. 3d 678).

2          Here, Gen Digital's declaratory relief claim amounts to a backward-looking breach of

3   contract claim.  It alleges that Sycomp "refused to satisfy [its] indemnity obligations to Gen

4   Digital."  Third-Party Compl. ¶ 68 (declaratory relief claim).  Gen Digital's breach of contract

5   claim similarly alleges that "Sycomp has failed to satisfy its obligations to indemnity Gen

6   Digital."  *Id.* ¶ 53 (breach of contract claim).  Gen Digital has not alleged any continuing

7   contractual relationship between it and Sycomp, nor any future consequences for the conduct of it

8   and Sycomp's relationship that depends on the Court's interpretation of the PPA.  Its declaratory

9   relief claim essentially seeks to "determine if a breach [of the PPA] occurred" and any relief

10  would not "*also* govern the future conduct of the parties."  *Osseous Techs*, 191 Cal. App. 4th at

11  372 (emphasis in original) (citing *Ermolieff v. R.K.O. Radio Pictures* (1942) 19 Cal. 2d 543, 545–

12  549).

13         The Court will exercise its discretion and dismiss Gen Digital's fourth cause of action for

14  declaratory relief.  *See Osseous Techs.*, 191 Cal. App. 4th at 372 (finding trial court "well within

15  its discretion" in dismissing declaratory relief claim where plaintiff did "not allege an ongoing

16  contractual relationship between it and [defendant]," and the allegations "suggest[ed] this case

17  principally concerns the interpretation of contracts to assess alleged 'past wrongs'"); *see also*

18  *Watson v. Sansone* (1971) 19 Cal. App. 3d 1 (affirming dismissal of declaratory relief action

19  where "the issue relates solely to a fully matured claim for money in an amount within the

20  jurisdiction of the municipal court, where nothing remains to be done but the payment of money,

21  and where no declaration of future rights and obligations is sought, or necessary, or proper").

22         Accordingly, Sycomp's motion to dismiss Gen Digital's fourth cause of action for

23  declaratory relief is GRANTED.  Because Gen Digital's failure to state a claim may be cured with

24  additional allegations—for example, regarding an ongoing contractual relationship—Gen Digital's

25  fourth cause of action is dismissed with leave to amend.

26

27

28  Case No.: 23-cv-04818-EJD
    ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California

1

### D.       Conclusion As to Sycomp's Motion to Dismiss

2         Sycomp's motion to dismiss is GRANTED.  Gen Digital's third cause of action for

3  equitable indemnity is DISMISSED WITH PREJUDICE.  Gen Digital's fourth cause of action for

4  declaratory relief is DISMISSED WITHOUT PREJUDICE.  Any amended complaint must be

5  filed within 30 days of this Order consistent with the Court's ruling below on DXC's motion to

6  sever.

7         The Court observes that Gen Digital brought its third cause of action for equitable

8  indemnity and its fourth cause of action for declaratory relief against both Sycomp and NASI.  *See*

9  Third-Party Compl. at 17–18.  In light of the Court's Order dismissing these two causes of action

10  against Sycomp, the Court invites NASI to submit a five-page statement within 10 days of this

11  Order expressing its position regarding the impact, if any, of the Court's ruling on Gen Digital's

12  third and fourth causes of action against NASI.

13  ## III.    DXC'S MOTION TO STRIKE OR SEVER (ECF NO. 21)

14         DXC has moved to strike or sever Gen Digital's Third-Party Complaint pursuant to Rule

15  14(a)(4).  DXC's Motion to Strike or Sever ("MTS"), ECF No. 21.  DXC argues that allowing

16  Gen Digital to pursue its claims against Sycomp and NASI in this action will result in prejudice to

17  DXC without promoting judicial efficiency.

18  ### A.       Legal Standard

19         Rule 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons

20  and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

21  Fed. R. Civ. P. 14(a).  "The decision to allow a third-party defendant to be impleaded under rule

22  14 is entrusted to the sound discretion of the trial court."  *Universal Green Sols., LLC v. VII Pac*

23  *Shores Invs., LLC*, No. C-12-05613-RMW, 2013 WL 5272917, at *2 (N.D. Cal. Sept. 18, 2013)

24  (quoting *U.S. v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)).  In exercising this

25  discretion, the court should seek to effectuate Rule 14's purpose of promoting "judicial efficiency

26  by eliminating the necessity for the defendant to bring a separate action against a third individual

27  who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's

28
Case No.: 23-cv-04818-EJD
ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California

1    original claim." *SHFL Ent., Inc. v. Kardwell Int'l, Inc.*, No. 12-CV-8271-SVW-RZ, 2013 WL

2    12123990, at *3 (C.D. Cal. July 15, 2013) (quoting *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d

3    769, 777 (9th Cir. 1986)).  Courts also consider (1) prejudice to the original plaintiff;

4    (2) complication of issues at trial; and (3) likelihood of trial delay.  *Id.* (citing *Irwin v. Mascott*, 94

5    F. Supp. 2d 1052, 1056 (N.D. Cal. 2000)).

6         **B.    Discussion**

7         DXC brings a single cause of action for breach of contract against Gen Digital.

8    Compl. ¶¶ 39–47.  DXC alleges that Gen Digital must indemnify it for losses that it occurred

9    resulting from and arising out of the Oracle Lawsuit based on the agreement—the ITSA

10   Agreement—between the two parties.  *Id.*  Gen Digital sued Sycomp and NASI for breach of

11   contract, equitable indemnity, and declaratory relief.  Third-Party Compl. at 15–18.  Gen Digital

12   claims that Sycomp and NASI must indemnify it pursuant to agreements between it and two

13   Third-Party Defendants—the PPA and SDA, respectively—for losses resulting from the Oracle

14   Lawsuit.  *Id.* ¶¶ 53, 60.

15        It is undisputed that Gen Digital's claims against Sycomp and NASI are derivative of the

16   claim by DXC against Gen Digital.  DXC argues that Gen Digital's claims seeking separate

17   indemnification should nevertheless be stricken or severed because allowing the claims would

18   prejudice DXC without promoting judicial efficiency.  MTS 7.  Gen Digital responds that Sycomp

19   and NASI "are secondarily or derivatively liable to Gen Digital for all or part of DXC's

20   underlying claim" and keeping all claims in the same case would promote judicial economy.

21   Opposition to Motion to Strike ("MTS Opp."), ECF No. 26.

22        When faced with a motion to strike a third party, a court must consider "the effect the

23   additional parties and claims will have on the adjudication of the main action-in particular,

24   whether continued joinder will serve to complicate the litigation unduly or will prejudice the other

25   parties in any substantial way."  *SHFL Ent.*, 2013 WL 12123990, at *3.

26        DXC argues that keeping the Third-Party Complaint in the case would complicate the

27   issues because it injects two additional parties with two separate indemnification disputes and

28
     Case No.: 23-cv-04818-EJD
     ORDER RE ECF NOS. 18, 21, 41
                                              13

United States District Court
Northern District of California

1  three additional agreements that otherwise would not impact the underlying breach of contract

2  claim.  MTS 7.  Gen Digital's new claims, DXC argues, will introduce legal issues that would

3  otherwise not need to be resolved and are "irrelevant" in DXC's case and would require a jury to

4  "disambiguate three separate indemnification obligations across four different agreements."  *Id.* at

5  8.

6         While DXC argues that resolution of the case without the additional third-party claims

7  would be "narrow and straightforward" (MTS 1), Gen Digital paints a different picture.  It argues

8  that Gen Digital's obligation to indemnify DXC for the losses incurred in the Oracle Lawsuit is "a

9  foregone conclusion" and "very real factual questions" surround the indemnification issues.

10  MTS Opp. 11.  Given this already complicated set of facts, Gen Digital seems to argue that

11  including Sycomp and NASI would not cause further confusion.  Moreover, Gen Digital argues, it

12  would promote judicial efficiency to include Sycomp and NASI because "[w]hether DXC is

13  entitled to indemnification is an issue to be established at trial," and "the nature of Sycomp's and

14  NASI's conduct" is "central to the resolution of this issue."  MTS Opp. 15.

15         The Court finds that the Third-Party Complaint would complicate and lengthen any trial by

16  introducing facts and issues that would not otherwise be present.  In *SHFL*, the plaintiff alleged

17  that defendant engaged in copyright and trademark infringement as well as other competition

18  violations.  2013 WL 12123990, at *3.  The defendant brought a third-party claim, asserting that

19  the third party "failed to inform it that the layouts it purchased were infringing on [plaintiff's]

20  intellectual property rights."  *Id.* at *2.  The court granted plaintiff's motion to strike the third-

21  party claims where "the sales and contracts between [defendant] and [the third-party defendant]

22  depend on facts and issues that [were] largely unrelated to the underlying action and have no

23  bearing on whether [defendant] is liable to [plaintiff] for infringement."  *Id.* at *3.  Because

24  including the third-party would result in additional discovery, extensive expert testimony, and

25  complicated damages calculations for trial, and keeping the third-party in "would not necessarily

26  aid in determining liability in the underlying suit," the court severed the third-party claims.  *Id.*

27         Here, the Third-Party Complaint introduces three additional agreements and two separate

28
Case No.: 23-cv-04818-EJD
ORDER RE ECF NOS. 18, 21, 41

1   indemnification disputes with two additional parties.  Although Gen Digital argues that "the

2   conduct of all the parties will be an issue in determining issues of indemnity in this case," it has

3   not presented with clarity as to *how* the conduct of all the parties will be at issue.  To the extent

4   Gen Digital contends that the Third-Party Defendants' "interactions with HPES" are "central to

5   the lawsuit," it has not alleged as much in the Third-Party Complaint.  MTS Opp. 6.  Nor did

6   counsel at the hearing identify how judicial economy will be served by keeping the case intact.

7   Counsel stated that there is a "danger of inconsistent results" and "there are going to be factual

8   issues that are common to both," but did not identify any inconsistent results or common factual

9   issues.

10      Gen Digital also alleges that its predecessor company was "induced" to obtain the Solaris

11  Updates, which were then installed by HPES.  MTS Opp. 12.  But Gen Digital has not explained

12  why resolving the question of how Gen Digital's predecessor obtained the Solaris Updates is

13  relevant to DXC's claim against Gen Digital for breach of the indemnity provision in the ITSA

14  between DXC and Gen Digital.  Moreover, counsel for Gen Digital at the hearing agreed that Gen

15  Digital's obligation to DXC is not contingent on the outcome of the Third-Party Complaint.

16      Regarding whether the Third-Party Complaint will result in delay of the adjudication of

17  DXC's claim, the Court finds that it likely will.  Both Sycomp and NASI have challenged the

18  Third-Party Complaint and given the Court's grant of leave to amend, the pleading stage will

19  continue for the Third-Party Complaint while the underlying pleadings are complete.

20                                            * * *

21      The Court recognizes that the case is in its infancy, and Gen Digital's Third-Party

22  Complaint was timely.  Nevertheless, given the apparent tangential relationship between Gen

23  Digital's claims and the case in chief and the addition of multiple parties and indemnity

24  provisions, the Court finds that severing the Third-Party Complaint would prevent delay and

25  confusion.

26      **C.      Conclusion As to DXC's Motion to Strike or Sever**

27      For the foregoing reasons, DXC's motion to sever is GRANTED.  Gen Digital's Third-

28

United States District Court
Northern District of California

1    Party Complaint is severed from the underlying complaint.  Gen Digital may refile its Third-Party

2    Complaint as a separate complaint in a new action within 30 days of this Order.  The filing fee is

3    ORDERED waived, and the Clerk shall accept the new complaint for filing without a fee.  *See*

4    *Ayers v. Lee*, No. 14-CV-542-LAB (WVG), 2016 WL 11783381, at *1 (S.D. Cal. Nov. 21, 2016)

5    (ordering the Clerk of the Court to waive all fees for the new cases to be filed by Plaintiff after

6    granting motion to sever claims); *see also Tierravision, Inc. v. Research in Motion Ltd.*, 2011 WL

7    4862961, at *1 (S.D. Cal. Sept. 16, 2011) (same).

8    **IV.    NASI'S MOTION FOR A MORE DEFINITE STATEMENT (ECF NO. 41)**

9         Third-Party Defendant NASI, an infrastructure sales company specializing in hardware,

10   moves for a more definite statement under Rule 12(e).  NASI's Motion for a More Definite

11   Statement ("Mot."), ECF No. 41 at 1, 5.  Specifically, it seeks the following: (1) a statement

12   specifically identifying and describing with particularity the services or software provided by

13   NASI that led to the alleged contractual breach; (2) a statement specifically identifying and

14   describing with particularity the contract or contracts NASI has entered into that led to the alleged

15   breach; and (3) a statement specifically identifying and describing with particularity the services

16   provided by any third party that NASI has contractually agreed to indemnify that led to the alleged

17   breach.  *Id.* at 2.

18        **A.    Evidentiary Objections**

19        Gen Digital filed evidentiary objections to the Declaration of Phil Bettenburg filed in

20   support of NASI's Motion for a More Definite Statement.  Evidentiary Objections, ECF No. 46-1.

21   Because the Court denies NASI's motion for the reasons discussed below, the Court need not rule

22   on the evidentiary objections which have no bearing on the Court's decision.

23        **B.    Legal Standard**

24        Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite

25   statement of a pleading to which a responsive pleading is allowed but which is so vague or

26   ambiguous that the party cannot reasonably prepare a response."  Such motions are "viewed with

27   disfavor, and are rarely granted."  *Peng Chan v. Time Warner Inc.*, No. 16-CV-06268-EJD, 2017

28   Case No.: 23-cv-04818-EJD
     ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California

1    WL 11500157, at *1 (N.D. Cal. June 20, 2017) (citing *Cellars v. Pac. Coast Packaging, Inc.*, 189

2    F.R.D. 575, 578 (N.D. Cal. 1999)).  Rule 12(e) motions challenge the intelligibility of the

3    complaint, not the lack of detail, and should be denied if the complaint notifies the defendant of

4    the substance of the claims.  *Id.* (citing *Beery v. Hitachi Home Elecs., Inc.*, 157 F.R.D. 477, 480

5    (C.D. Cal. 1993)).  "If the detail sought by a motion for more definite statement is obtainable

6    through discovery, the motion should be denied." *Id.*  Rule 12(e) motions are granted only on

7    "rare occasions."  *United Specialty Ins. Co. v. Meridian Mgmt. Grp., Inc.*, No. 15-CV-01039-

8    HSG, 2015 WL 4718998, at *4 (N.D. Cal. Aug. 7, 2015) (citing *Bautista v. Los Angeles Cnty.*,

9    216 F.3d 837, 843 n.1 (9th Cir.2000)); *see also E.E.O.C. v. Alia Corp.*, 842 F.Supp.2d 1243, 1250

10   (E.D. Cal. 2012) (motions pursuant to Rule 12(e) are generally "viewed with disfavor and are

11   rarely granted[.]").

12        **C.      Discussion**

13        NASI argues that it "only partially" agreed to indemnify Symantec (and its successor, Gen

14   Digital), but Gen Digital's partial description of the indemnity obligation is "misleading" because

15   the services provided to Symantec consisted entirely of hardware support and maintenance, and

16   telephone support and advice.  Mot. 3–4.  NASI claims it never provided software patches for

17   Solaris or any other operating system, and the Oracle Lawsuit involves claims that DXC infringed

18   Oracle's copyrights by installing software patches of Solaris. *Id.* at 4.  Thus, Gen Digital appears

19   to dispute its obligation to indemnify.  Because the Third-Party Complaint "fails to connect the

20   dots between DXC's alleged liability and Gen Digital's obligation to indemnify for that liability,"

21   NASI argues it is unable to respond to the Third-Party Complaint "without Gen Digital specifying

22   which contracts or services invoke [NASI's] indemnity liability."  *Id.* at 6.

23        The Court finds that the Third-Party Complaint is sufficiently clear to permit NASI to

24   prepare a response.  As in *United Specialty*, this is not one of those "rare occasions" where the

25   defendant cannot make heads or tails of the allegations.  2015 WL 4718998, at *4.  And unlike

26   *Peng Chan*, where the "substance of Plaintiff's claims [was] nearly impossible to discern," the

27   "complaint fail[ed] to allege the elements of specific causes of action," and the complaint "fail[ed]

28   Case No.: 23-cv-04818-EJD
     ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California

1   to clearly explain how Time Warner's conduct is involved," the Third-Party Complaint here is

2   sufficient to notify NASI of the substance of the claims against it.  The Third-Party Complaint

3   alleges the existence of the contract—the SDA—it claims was breached along with allegations

4   pertaining to how it claims that contract was breached.  *See* Third-Party Complaint ¶¶ 55–61.

5          NASI appears to raise several defenses to Gen Digital's indemnity claims.  *See* Reply 2

6   ("Gen Digital does not explain how a hardware provider can be liable for a software

7   infringement").  If NASI believed that the allegations were so thin that they fail to state a claim, it

8   could have moved to dismiss under Rule 12(b)(6).  NASI also takes issue that Gen Digital did not

9   identify the specific services NASI provided that led to its alleged liability.  Reply 1.  But

10  information regarding the services at issue "is obtainable through discovery."  *See United*

11  *Specialty Ins*., 2015 WL 4718998, at *4.  At this stage, for any allegations for which NASI

12  believes it lacks knowledge or information sufficient to form a belief about the truth of an

13  allegation, NASI should so state as permitted under Federal Rule of Civil Procedure 8(b)(5).

14         While NASI may believe the Third-Party Complaint is not "a perfect model of clarity," the

15  Court finds that it "is clear enough to convey its requested relief and the bases for that relief."  *See*

16  *United Specialty Ins. Co.*, 2015 WL 4718998, at *4.

17         **D.      Conclusion As to NASI's Motion for a More Definite Statement**

18         For the reasons set forth above, NASI's motion for a more definite statement is DENIED.

19  NASI must answer the Third-Party Complaint within 30 days of Gen Digital re-filing the Third-

20  Party Complaint as set forth above.

21

22         **IT IS SO ORDERED.**

23  Dated: June 7, 2024

24

25

26                                              EDWARD J. DAVILA
                                                United States District Judge
27

28  Case No.: 23-cv-04818-EJD
    ORDER RE ECF NOS. 18, 21, 41

United States District Court
Northern District of California